UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEON SMITH,<br><br>         Plaintiff,<br> v.<br><br>PIERCE COUNTY CORRECTIONS<br>FACILITY, et al.,<br><br>         Defendants. | No. C09-5473 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

Presently before this Court for review is Mr. Smith's complaint, which he has submitted to the Court on a form entitled "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." Dkt. 1-2. Upon review of the complaint, however, it is clear that Mr. Smith is attempting to assert claims against Pierce County Corrections Facility, Marvin Spencer, Sgt. Pero and Lt. Ginga relating to his conditions of confinement at the Pierce County Jail.

ORDER TO AMEND OR SHOW CAUSE - 1

**I. DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has

ORDER TO AMEND OR SHOW CAUSE - 2

failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

It is unclear from the petition filed by Mr. Smith what relief he seeks from the Court. Although Mr. Smith submitted his complaint on a form entitled "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, he purports to sue the Pierce County Correctional Facility, Marvin Spencer, Sgt. Pero and Lt. Ginga for conditions relating to his confinement. Mr. Smith alleges that he did not receive yard or recreation time, he contracted diabetes, and he contracted hepatitis. Dkt. 1-2, pp. 3-5. An application for a writ of habeas corpus, on the other hand, is directed to the person who has custody over the prisoner and alleges facts relating to the applicant's conviction.

In addition, Mr. Smith has already brought a civil rights action in this Court relating to his conditions of confinement at the Pierce County Jail, in which he has sued the same parties -- Pierce County Corrections Facility, Marvin Spencer, Sgt. Pero and Lt. Ginga, and asserted the same allegations he attempts to assert in this case. *See* Case No. C09-5269 FDB/JRC. For example, in his Complaint in Case No. C09-5269, Mr. Smith alleges that he was not given yard, recreation or exercise privileges and that he contracted diabetes and hepatitis while being held in segregation. Dkt. 8, p. 3 (Case No. 9-5269FDB). He seeks $100,000 from each defendant and punitive damages of $50,000 *Id.*

Due to the deficiencies described above, the Court finds that dismissal of Mr. Smith's complaint is proper as he has not filed an appropriate habeas petition and a civil rights action

ORDER TO AMEND OR SHOW CAUSE - 3

relating to his conditions of confinement is already pending in this Court.  However, Mr. Smith will be given an opportunity to show cause why this matter should not be dismissed no later than **November 6, 2009.**

Mr. Smith is cautioned that if he fails to adequately address the issues raised herein on or before **November 6, 2009,** the Court will recommend dismissal of this action.    The Clerk is further directed to send a copy of this Order, a copy of the General Order.

Dated this  9th   day of October, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 4