UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER LEON SMITH,

                      Plaintiff,

    v.

PIERCE COUNTY CORRECTIONS FACILITY, *et al.*,

                      Defendants.

No. C09-5473 BHS/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR: December 18, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. On October 9, 2009, the court granted the application of Plaintiff Christopher Leon Smith, to proceed *in forma pauperis.* Dkt. 11. Following review of Mr. Smith's civil rights complaint (Dkt. 12), the court granted Mr. Smith leave to file an amended complaint or to show cause why this matter should not be dismissed for failure to state a claim, on or before November 6, 2009. Dkt. 13. However, Mr. Smith has failed to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

The undersigned recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

REPORT AND RECOMMENDATION - 2

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concluded that Mr. Smith has failed to state a claim upon which relief can be granted. Dkt. 13, pp. 3-4.

Mr. Smith submitted his Section 1983 complaint on a form entitled "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." Dkt. 12. Upon review of the complaint, however, it is clear that Mr. Smith is attempting to assert claims against Pierce County Corrections Facility, Marvin Spencer, Sgt. Pero and Lt. Ginga relating to his conditions of confinement at the Pierce County Jail. In his Complaint, Mr. Smith alleges that he did not receive yard or recreation time, he contracted diabetes, and he contracted hepatitis. Dkt. 12, pp. 3-5. In addition, Mr. Smith has already brought a civil rights action in this court relating to his conditions of confinement at the Pierce County Jail, in which he has sued the same parties -- Pierce County Corrections Facility, Marvin Spencer, Sgt. Pero and Lt. Ginga, and asserted the same allegations he attempts to assert in this case. *See* Case No. C09-5269 FDB/JRC. For example, in his Complaint in Case No. C09-5269, Mr. Smith alleges that he was not given yard, recreation or exercise privileges and that he contracted diabetes and hepatitis while being held in segregation. Dkt. 8, p. 3 (Case No. 9-5269FDB). He seeks $100,000 each and punitive damages of $50,000 from the defendants in Case No. C09-5269. *Id*.

REPORT AND RECOMMENDATION - 3

In light of the deficiencies noted above, the court declined to serve Mr. Smith's complaint, but gave him an opportunity to show cause why this matter should not be dismissed. Mr. Smith did not respond to the court's order to show cause.

## CONCLUSION

Mr. Smith was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to respond to the court's order to show cause. Construing the complaint in the light most favorable to him and resolving all doubts in his favor, it is clear that has failed to state a claim on which relief may be granted.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 18, 2009,** as noted in the caption.

DATED this __24th__ day of November, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4